UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JESSE D. STAFFORD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-21-HAB |
| | ) | |
| FAURECIA EMISSIONS CONTROL | ) | |
| TECHNOLOGIES USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5), filed on January 17, 2020. Defendant asserts that Plaintiff's Complaint fails to demonstrate that Plaintiff exhausted contractual remedies and that Plaintiff has filed his Complaint outside the applicable statute of limitations. The time for Plaintiff to respond has expired. *See* N.D. Ind. L.R. 7-1(d)(2)(A). Defendant's Motion is now ripe for determination.

**A.    Plaintiff's Allegations**

Plaintiff's pro se Complaint (ECF No. 3) was originally filed in the Allen County, Indiana Superior Court on December 18, 2019. The factual allegations in the Complaint are brief:

> **Factual Allegations**
>
> 3. Faurecia is a party to a collective bargaining agreement (CBA) during all times relevant to this action.
>
> 4. From July, 2018 to and including March, 2019, Stafford was employed by Faurecia, as production, control and logistic worker.
>
> 5. That at some point, Stafford joined the bargaining unit represented by Local 1424.
>
> 6. That Stafford position was terminated for no just cause.
>
> 7. That Stafford termination was made while he was off work and at home.
>
> **Breach of Contract**
>
> 8. That Faurecia failed to follow Article 17 of the Collective bargaining Agreement upon his termination.
>
> **Retaliatory Discharge**
>
> 9. That Faurecia Retaliated against Stafford when he was discharged without follow Article 17 C of the Collective bargaining Agreement prior to his termination.

(*Id*. at 3).

**B.     Legal Discussion**

**1.     *Motion to Dismiss Standard***

Generally, to state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). A plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

**2.** *Preemption*

Defendant first asserts that Plaintiff's claim, although alleging state law claims of breach of contract and retaliatory discharge, is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA"). This Court agrees.

"Section 301 of the [LMRA] creates a federal remedy for the breach of a collective bargaining agreement. The remedy is exclusive; no action to enforce such an agreement may be based on state law." *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 823 (7th Cir. 1986); *see also Baker v. Kingsley*, 387 F.3d 649, 657 (7th Cir. 2004) ("Even where a plaintiff relies on state law in a complaint and makes no mention of § 301, the federal statute will displace the state-law claim to ensure uniform interpretation of collective bargaining agreements."). Plaintiff's claim unequivocally alleges breach of a collective bargaining agreement. The LMRA, not Indiana law, applies.

**3.** *Exhaustion of Contractual Remedies*

Noting the paucity of factual allegations, Defendant urges that Plaintiff's failure to allege his exhaustion of contractual remedies under the collective bargaining agreement ("CBA") renders the Complaint deficient. Defendant is correct that, as a general matter, exhaustion of remedies is required. "Where, as is true of more than 90 percent of such contracts, the [CBA] establishes a grievance and arbitration remedy, that remedy becomes by force of section 301 exclusive." *Lancaster v. Norfolk and W. Ry. Co.*, 773 F.2d 807, 816 (7th Cir. 1985). However, the *sine qua non* of a duty to exhaust contractual remedies is the *existence of* contractual remedies. *See*, *e.g.*, *Clayton v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Amer.*, 451 U.S.

679, 681 (1981) ("An employee seeking a remedy for an alleged breach of the collective-bargaining agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures *established by that agreement* before he may maintain a suit against his union or employer under § 301(a) of the Labor Management Relations Act.") (emphasis added); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) ("Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies *provided in the collective bargaining agreement*.") (emphasis added).

Here, neither Plaintiff nor Defendant has provided the Court with a copy of the CBA. Without the CBA, the Court has no way of knowing whether the CBA is one of the 90% that have a grievance procedure, or one of the 10% that do not.[1] And without knowing whether the CBA contains such a procedure, the Court cannot conclude that Plaintiff's Complaint fails to state a claim for failing to allege compliance with that procedure. Moreover, since exhaustion of remedies is an affirmative defense, the burden of proving Plaintiff's failure to exhaust is on Defendant. *Jones v. UAW, Local 551*, 2013 WL 4804984, *1 (N.D. Ill. Sept. 6, 2013). Plaintiff's Complaint will not be dismissed on this basis.

**4.**   *Statute of Limitations*

Finally, Defendant seeks dismissal on limitations grounds, arguing that Plaintiff's claim falls outside of the six-month statute of limitations for "hybrid" LMRA claims found in § 10(b) of the National Labor Relations Act. *See id.* at 169. Because the Court finds that Defendant has identified the wrong limitations period, it must disagree.

The flaw in Defendant's argument is its assumption that Plaintiff "plainly alleges a 'hybrid' breach claim against Defendant and duty of fair representation claim against the Union." (ECF No.

---

[1] If the CBA were to be provided to the Court by way of summary judgment, and if the CBA has a grievance procedure that Plaintiff did not exhaust, then the Court's analysis would likely be different.

6 at 6–7). While it is true that Plaintiff references a breach of the duty of fair representation, he did not sue the Union. Without a claim against the Union, Plaintiff's claim cannot be a "hybrid" claim. *See Williams. v. U.S. Steel*, 877 F. Supp. 1240, 1243 (N.D. Ind. 1995) (describing hybrid claims as those where "an employee sues both his or her employer and his or her union."). The six-month statute of limitations from *DelCostello* is inapplicable. *DelCostello*, 462 U.S. at 165 (distinguishing case from "straightforward" § 301 claim *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 393 (1966)).

With the hybrid limitations period from *DelCostello* inapplicable, this Court must default to the general rule of *Hoosier Cardinal* which requires the Court to apply "the most analogous state limitations period to this section 301 action." *Int'l Union of Elevator Constructors v. Home Elevator Co.*, 798 F.2d 222, 229 (7th Cir. 1986). The Seventh Circuit in *Home Elevator* has already concluded that the appropriate limitations period for a case that is "essentially a cause of action for breach of contract" is the two-year limitations period under Ind. Code 34-11-2-1. *Id*. at 230. The Court concludes that *Home Elevator* is controlling and that a two-year limitations period must be applied.

Plaintiff's Complaint alleges that he was terminated in March 2019. The limitations period does not run until March 2021. Plaintiff's Complaint was filed well-within this period and is therefore timely. Defendant's Motion to Dismiss must be denied.

**C.     Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5) is DENIED.

SO ORDERED on February 18, 2020.

                                             s/ Holly A. Brady
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT