UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JESSE D. STAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-21-HAB |
| ) | |
| FAURECIA EMMISSIONS CONTROL ) | |
| TECHNOLOGIES USA, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Jesse D. Stafford was fired from his job at Defendant Faurecia Emissions Control Technologies USA, LLC in 2019. His union representative initiated a grievance process on his behalf but failed to pursue further remedies when the grievance was denied. Plaintiff then sued Defendant for breach of contract, arguing that his termination was a breach of the applicable collective bargaining agreement.

Defendant now asks for summary judgment and Plaintiff has failed to respond. The Court agrees with Defendant that Plaintiff has failed to exhaust the remedies set forth in the collective bargaining agreement, barring his claims in this Court. Therefore, summary judgment will be granted.

**A.     Factual Background**

Plaintiff was employed by Defendant for less than a year. At all times during Plaintiff's employment, Defendant was a party to a collective bargaining agreement (ECF No. 33-3 at 11–41) (the "CBA") with the International Brotherhood of Electrical Workers AFL-CIO and its Local Union No. 1424 (the "Union"). Plaintiff was a member of the bargaining unit represented by the Union throughout his employment.

Plaintiff believes that his termination violated Article 17 of the CBA. That article provided:

## ARTICLE 17
## DISCIPLINE AND DISCHARGE

**Section 17.1.** Employees covered by this Agreement shall not be discharged or given disciplinary time off unless the President of Local Union No. 1424 (or a member of the Shop Committee in the absence of the said President) has been present prior to such discharge or disciplinary action and has been afforded an opportunity to represent the employee. In the absence or reasonable unavailability of all the above Union personnel, a regular shop steward can be used to fulfill the requirements of representation for special instances, the intent being to represent the employee at the time of the disciplinary action. If circumstance does not allow for such representation by the Union, the Company will determine the disciplinary time off and a meeting will be scheduled with Union representation as soon as possible.

(*Id*. at 33).

Any claim that Defendant violated the CBA was expressly subject to Article 15: Grievance Procedure. (*Id*. at 30–32). Article 15 expressly provided that "[t]he procedure for resolution of grievances as set forth in this Article is the exclusive remedy for resolving such matters." (*Id.* at 31). The grievance procedure had three steps, with an additional arbitration process if no settlement was reached. (*Id*.). "The time limits and procedures in [Article 15] for the presentation and appeal of a grievance at any step are absolute." (*Id*. at 32).

It is undisputed that the Union prepared and submitted a grievance on Plaintiff's behalf. However, neither the Union nor Plaintiff ever advanced the grievance beyond Step One. Rather, Plaintiff filed suit in state court in December 2019, and the suit was removed to this Court in January of this year.

**B.    Legal Analysis**

*1.    Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a

2

reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

That Plaintiff has not filed a response to either summary judgment motion does not entitle the Defendant to summary judgment by default. Instead, the Court "must still review the uncontroverted facts and make a finding that summary judgment is appropriate as a matter of law." *Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996).

## *2.     Plaintiff has Failed to Exhaust Administrative Remedies*

As the Court has already found, Plaintiff's claim, although alleging state law claims of breach of contract and retaliatory discharge, is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA"). (ECF No. 12). "Section 301 of the [LMRA] creates a federal remedy for the breach of a collective bargaining agreement. The remedy is exclusive; no action to enforce such an agreement may be based on state law." *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 823 (7th Cir. 1986); *see also Baker v. Kingsley*, 387 F.3d 649, 657 (7th Cir. 2004) ("Even where a plaintiff relies on state law in a complaint and makes no mention of § 301, the federal statute will displace the state-law claim to ensure uniform interpretation of collective bargaining agreements.").

Defendant is correct that, as a general matter, exhaustion of remedies is required. "Where, as is true of more than 90 percent of such contracts, the [CBA] establishes a grievance and arbitration remedy, that remedy becomes by force of section 301 exclusive." *Lancaster v. Norfolk and W. Ry. Co.*, 773 F.2d 807, 816 (7th Cir. 1985); s*ee also Clayton v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Amer.*, 451 U.S. 679, 681 (1981) ("An employee seeking a remedy for an alleged breach of the collective-bargaining agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer under § 301(a) of the Labor Management Relations Act."); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) ("Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement.").

As set forth above, the CBA did include a grievance and arbitration remedy and Plaintiff failed to exhaust that remedy. That Plaintiff initiated the grievance procedure is irrelevant; it is the

exhaustion that is important. *Mitchell v. Pepsi-Cola Bottlers, Inc.*, 772 F.2d 342, 347 (7th Cir. 1985). Absent some recognized exception to the exhaustion requirement, Plaintiff's claim must fail.

An employee can be excused from a CBA's exhaustion requirement if: (1) resorting to the grievance procedure would be futile; (2) the employer through its conduct repudiated the grievance procedure itself; or (3) the union breached its duty of fair representation. *See Hammer v. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am.*, 178 F.3d 856, 858 (7th Cir. 1999); *Roman v. United States Postal Serv.*, 821 F.2d 382, 388 (7th Cir. 1987); *Bailey v. Bicknell Minerals, Inc.*, 819 F.2d 690, 692 (7th Cir. 1987). With no summary judgment response from Plaintiff, the Court has no basis to conclude that any of the exceptions apply.

What the Court is left with is a straightforward decision. Plaintiff's failure to exhaust the remedies in the CBA is undisputed, and the inapplicability of the exceptions is uncontroverted. As such, the Court finds as a matter of law that Plaintiff's suit fails, and summary judgment must be entered in Defendant's favor.

**C.  Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 29) is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on August 5, 2020.

                                                s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT